(Decided 20th June, 1890.)

GEORGE FRANKE *vs.* SOLOMON L. AUERBACH.

*Will—Testamentary power—Advancement.*

A testator gave the residuum of his estate to his wife for life, with power to dispose of the same by will to their children, and their descendants *in loco parentis*, if any of them should die in her lifetime, and with power to discriminate between them, and in her discretion, to advance any of them; but if the wife deceased without having made such disposition of his estate, then it was to be divided equally among the children living; the descendants of one dying to stand *in loco parentis*.   HELD:

That under this clause the wife had power to convey by deed to one of her children by way of advancement, certain real estate included in said residuum.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

No appearance for the appellant.

*Charles J. Wiener,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This appeal is from a *pro forma* decree of the Circuit Court of Baltimore City, submitted to that Court upon a case stated under the equity rules 47 and 48, adopted and promulgated by the Court of Appeals. The appellant, George Franke, bought of Solomon Auerbach, appellee, a house and lot in Baltimore City, being lot No. 112 South Eutaw street, in Baltimore, for ten thousand dollars, and paid one hundred dollars cash, with the explicit understanding that unless a good and clear title could be given there was to be no sale. This proceeding was taken to test the validity of Auerbach's title.

The only question, which the case stated submits, is whether a certain Catharine Slater, widow of one George Slater, under the will of her husband, George Slater, had the power to execute a deed for the property here involved to her daughter, Helen Slater, by way of advancement. We have, therefore, nothing to do with Auerbach's title except as the same may depend upon the right of Mrs. Catharine Slater, under her husband's will, to make a deed of the property by way of advancement to her daughter, Helen, from whom we infer appellee's title comes.

The clause of George Slater's will giving rise to the doubt which the parties seem to entertain is as follows: "7 Item: I give, devise and bequeath all the rest and

residue of my estate and property, of whatsoever con-
sisting, and wheresoever situate, unto my wife, Catha-
rine Slater, for the term of her natural life, with power
to dispose of the same by will to and amongst our chil-
dren and their descendants *in loco parentis,* if any of
them die in her life-time, and with power to discrimi-
nate between them, or exclude any one or more of
them; and also with power in her discretion to advance
any of them; but if my wife depart this life without
having made such disposition of my estate, then after
her death it is my will that my estate be divided equally
amongst my children then living and their children *in
loco parentis.*"

In October, 1886, Catharine Slater, widow and life
tenant, possessing the power given by this will, exe-
cuted a deed for the property herein involved to Helen
Slater, her daughter by George Slater, by way of ad-
vancement, having previously advanced the other six
children to the extent of five thousand dollars each,
"in cash money," out of the estate. The contention
is, that Mrs. Slater did not have the right to execute
that deed, notwithstanding it was done by way of ad-
vancing Helen as the other children had been advanced
in money.

We see no solid ground for this contention. The
testator gives his wife a life estate in all his property,
and then gives her the power of appointing by will,
who, of the children of their union, shall take, and in
what proportions; for he gives the power to discrimi-
nate between them and to exclude any of them from
participation in the estate. He also gives the wife the
power, in her discretion, to *advance* any of them. If
she should die without making such disposition of the
estate, then their children were to share equally; the
descendants of one dying to stand *in loco parentis.*

When the testator gave his wife power to *advance*
any of the children, he clearly meant to authorize her

to give, by *way of advancement* in her life-time, such part, or portion of such part, as she designed to give them or any of them. The words "advance" and "advancement" when used in such connection have a well defined and technical meaning.

In *Clark, et al. vs. Willson, Adm'x*, 27 *Md.*, 700, this Court says "an advancement is a giving by anticipation the whole or a part of what it is supposed a child will be entitled to on the death of the parent making it, and dying intestate."

The provision is unmeaning and senseless, unless the power to advance was intended to enable the wife to give by way of anticipation and before her death, the whole or a part of what would be the child's at her death. He is presumed to know the meaning of the language he uses. *State, use of Dittman, Adm'x vs. Robinson and Campbell*, 57 *Md.*, 502, and, unless a different intention from that which the language imports is clearly indicated by the will, the technical signification will be adopted, and the will be enforced according to it. This was ruled in *Estep and Shaw vs. Mackey, et al.*, 52 *Md.*, 598, and in *Mitchell vs. Mitchell*, 2 *Gill*, 238.

The testator manifestly designed his wife to have the power of starting their children in life, and aiding them by letting them have such part of what she designed for them, respectively, before her death. And as the testator put no restriction on the wife, whether that advancement should be made in money or land, we can see no good reason for confining the power, by construction, to the right to advance in and by money or personalty.

It has often been held in this State that a deed of land may be an advancement, if it was so intended to be; and when made by a parent to a child it is always held to be by way of advancement, unless a contrary

intention is expressed by the grantor at the time of the conveyance, or the circumstances surrounding and attending the transaction are such as to establish a different intent.    *Clark, et al. vs. Willson, Adm'x,* 27 *Md.,* 700; *Parks vs. Parks, et al.,* 19 *Md.,* 324; *Graves, et al. vs. Spedden, et al.,* 46 *Md.,* 527.    Having given the wife' the power by his will to make advancement to the children, the testator must have intended that it should be an effective power, and that his wife, the donee of the power, might do all that was necessary to accomplish the object; and that must include the power to make the advancement by way of a deed, if that was necessary to effect the purpose.    This construction of the will is, we think, irresistible, and the decree of the Circuit Court of Baltimore City should be affirmed.

*Decree affirmed.*

(Decided 20th June, 1890.)