ANNIE AIKENS, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk. November 17, 1904. — July 7, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Way,* Highway by prescription.

If a private way laid out for the use of a farm and brick yard has been open to the public and has been used by the public to a certain extent, as shown by some cart ruts overgrown with grass leading to farm houses and by the fact that the public took advantage of the way being open to drive through it more or less, this is not enough, although covering a period of twenty years, to warrant a finding that the way has become a public highway by prescription.

LATHROP, J. This is an action of tort, under the Pub. Sts. c. 112, § 213, by the administratrix of the estate of John S. Aikens, to recover damages for the death of her intestate, who was killed by a locomotive engine, on January 18, 1899, while driving across the location of the defendant's road on a way called Freeman Street.

At the trial in the Superior Court, at the close of the evidence, the judge directed a verdict for the defendant. It was agreed by counsel that if the case should have been left to the jury upon the question whether there was a public highway by prescription over the railroad location upon Freeman Street, the plaintiff should have judgment for $2,000. The judge, thereupon, at the request of the plaintiff, reported the case for the determination of this court. If upon the evidence the case should have been left to the jury, judgment was to be entered for the plaintiff in the sum of $2,000 ; otherwise, judgment to be entered for the defendant.

It appears from a map used at the trial and referred to in the report that Freeman Street is in that part of Boston formerly Dorchester, and that it runs from Dorchester Avenue in a northerly direction by Faulkner Street to Charles Street. The location of the railroad is between Faulkner Street and Charles Street.

It was incumbent upon the plaintiff to show that there was a right of way by prescription over Freeman Street before the St. of 1892, c. 275, took effect. This act, which was approved May 6, 1892, provides as follows : "No right of way across any railroad track or location which is in use for railroad purposes shall hereafter be acquired by prescription; but nothing herein contained shall affect any existing right of way."

On October 4, 1871, a location of the railroad was filed, and subsequently another location was filed on October 30, 1879. In 1888, the defendant placed two gates across Freeman Street, one on either side of the track. These gates would be an interruption of any right by prescription then accruing. We need not consider what the effect of the location would be in 1871 and 1879 ; for we are of opinion that the evidence in the case did not warrant the jury in finding that a public right of way by prescription had been acquired in 1888.

All of the land in question, including the land where Faulkner Street, Freeman Street and Charles Street now are, formed part of the Jacob Foster farm, which contained one hundred acres. The farm house was on Foster Street, then a lane, now called Faulkner Street. There were clay pits on the farm, and a brick yard along Freeman Street. There was also a cottage

at the corner of Freeman Street and Faulkner Street, where the men working in the brick yard lived. In 1844 these were the only buildings on the farm.

We assume, without reciting the testimony, that there was some evidence of a general use by the public of Freeman Street for over twenty years before 1888. Such a use, if nothing more appeared, would be sufficient to show a right of way by prescription. *Jennings* v. *Tisbury*, 5 Gray, 73. *Commonwealth* v. *Coupe*, 128 Mass. 63. *McKenna* v. *Boston*, 131 Mass. 143. *Bassett* v. *Harwich*, 180 Mass. 585, 587.

But in the case at bar something more appears. The evidence in the case shows the origin of the way. It was laid out for the use of the farm and the brick yard thereon. Subsequently this private way, which was in fact open to the public, was used by the public to some extent, but it did not really come up to the level of a use which is in fact the use of a way as a public way. All that the evidence showed was that there were some cart ruts overgrown with grass, leading to farm houses, and that the public took advantage of the situation and drove through more or less. That user is not sufficient. See *Sprow* v. *Boston & Albany Railroad*, 163 Mass. 330; *Moffatt* v. *Kenny*, 174 Mass. 311, 314; *Weldon* v. *Prescott*, 187 Mass. 415.

As we are of opinion that there was no evidence to warrant the jury in finding that there was a way by prescription, there must be

*Judgment for the defendant.*

*A. Lincoln*, for the plaintiff.

*C. F. Choate, Jr.*, for the defendant.