GEORGE H. HARLOW & another, executors, *vs.* DUDLEY
P. BAILEY, administrator, & others.

Middlesex.    January 24, 25, 1905. — September 26, 1905.

REBECCA D. WOOD & another *vs.* JOHN B. HARLOW
& others.

Middlesex.    March 3, 1905. — September 26, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Devise and Legacy.    Trust.    Words,* "For the benefit of."

A devise by a testatrix of a house and lot used as her residence to her sister, who at
the time of the making of the will was seventy years of age, "so long as she shall
remain unmarried," with authority to the devisee to sell the real estate either at
public or private sale, and "to invest and reinvest safely the proceeds of such
sale and to receive and appropriate to her own use the income of such invest-
ments so long as she shall remain unmarried," *gives the devisee a life estate*
with a power of sale, terminable on her marriage, and not a fee, and this con-
struction if affected at all is strengthened by a provision in another part of the
will giving the trustees thereunder authority to sell real estate upon the request
of the devisee.

The will of a testatrix bequeathed to her sister "the income of $2,000 for and dur-
ing the term of her natural life" and also "the sum of $2,000 in addition to the
income hereinbefore given." A codicil provided that "the $2,000 given for the
benefit of my sister" should go to certain trustees in trust for her, "the principal
and income to be used if necessary to provide for her comfortable support and
maintenance during her life." *Held,* that the provision of the codicil referred
to the $2,000 the income of which was given to the sister of the testatrix and
not to the $2,000 given to her absolutely.

Where a will provides that a fund of $2,000 given to trustees shall be invested and
reinvested and the income paid to a certain person during her life, and the bene-
ficiary named dies before the will is proved, only a month after the death of the
testatrix, the provision is inoperative, not only because the cost of establishing
the trust would exceed the income for one month, but because the time for the
termination of the trust has arrived before the trust can come into existence.

TWO BILLS IN EQUITY, the first filed November 26, 1904, in
the Probate Court for the county of Middlesex, coming to the Su-
preme Judicial Court by appeal, and the second filed in the
Supreme Judicial Court on December 15, 1904, the first by
the executors under the will of Sarah R. Harlow, late of Everett,
for instructions, and the second by the heirs at law of Abby R.
Fletcher, late of Everett, to establish and quiet their title to

certain land in Everett, and to remove any cloud therefrom caused by the second clause of the will of Sarah R. Harlow.

The first case came on to be heard before *Morton, J.* No facts were in dispute, and it appeared that Abby R. Fletcher referred to in the will of Sarah R. Harlow was a single woman about seventy years of age at the time of the execution of the will, that she died one month after the decease of the testatrix, never having married, and that the testatrix left no real estate except that referred to in the second clause of the will.

The justice reported the case for determination by the full court upon the following questions:

1. Did the second clause of the will vest in Abby R. Fletcher an estate in fee in the real estate therein described, and if not, what is the nature and duration of the estate therein given to Abby R. Fletcher?

2. Does the second clause of the codicil refer to the $2,000, the income of which is given to Abby R. Fletcher in the second clause of the will, or to the $2,000 given to her absolutely in the second clause?

3. Is it the duty of your petitioners as executors to turn over the rest, residue and remainder of the estate of Sarah R. Harlow to themselves as trustees under the eleventh clause of the will, or is the eleventh clause now inoperative?

4. To what persons and in what proportions is the rest, residue and remainder of the estate of Sarah R. Harlow to be distributed in accordance with the terms of the thirteenth clause of the will as modified by the first and eleventh clauses of the codicil?

5. Is it necessary for Samuel A. Bacon and George H. Harlow to qualify as trustees under the second clause of the codicil?

Such decree was to be entered, or other disposition was to be made of the case as to the full court should seem meet.

The second case came on to be heard before *Hammond, J.,* who reserved it for determination by the full court.

The material portions of the will of Sarah R. Harlow were as follows:

" 2nd. I give and devise to my sister Abby R. Fletcher my real estate now occupied by me as my residence situated on Linden Street in said Everett, being lot numbered six (6) on a

'Plan of building lots in Everett belonging to Anthony Waterman, A. F. & N. N. Sargent, Surveyors April 25, 1871' recorded at Middlesex South District Registry of Deeds Book of Plans No. 20, Plan 47, so long as she shall remain unmarried; and I hereby authorize my said sister to sell said real estate, either at public or private sale, and to make, execute and deliver good and sufficient deeds to convey the same, the purchaser not to be answerable for the application of the purchase money, also to invest and reinvest safely the proceeds of such sale and to receive and appropriate to her own use the income of such investments so long as she shall remain unmarried. I also give and bequeath to my said sister my household furniture not herein otherwise specifically bequeathed, any and all provisions and wearing apparel remaining on my decease without appraisal, also the income of my other property and estate until my estate shall be settled, and after that shall be closed, I give and bequeath to her the income of two thousand dollars for and during the term of her natural life. I also give and bequeath to my said sister the sum of two thousand dollars ($2000) in addition to the income hereinbefore given, also the picture 'Good Morning' and the two small pictures hanging in my room, also all other personal property in my house not herein otherwise disposed of."

"11th. All the rest, residue and remainder of my estate, real, personal and mixed of which I shall die seised and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to Edward O. Harlow and George H. Harlow and their heirs and assigns forever, but in trust nevertheless to invest and reinvest any investable funds in any securities in which the Savings Banks of Massachusetts are by law authorized to invest or to deposit the same in any Massachusetts Savings Bank or Banks to collect the income of said property and after the payment of taxes and other necessary charges to pay to said Abby R. Fletcher the income of the Two Thousand Dollars mentioned in the second clause of this will, during her life."

"13th. All the rest, residue and remainder of my estate, real, personal and mixed of which I shall die seised or possessed or to which I shall be entitled at my decease, I give, devise and bequeath to John B. Harlow of Harvard in the County of Worcester and Commonwealth aforesaid and Anne E. Harlow

and Adaline S. Harlow both of said Ayer in equal shares and their heirs and assigns forever.

"14th. I hereby constitute and appoint Edward O. Harlow of said Ayer and George H. Harlow of Billerica in said County of Middlesex to be the executors of this my last will and testament and trustees under the same and request that they be exempt from furnishing surety or sureties on their official bond or bonds, either as executors or trustees and I hereby authorize them on the request of my sister Abby R. Fletcher to sell any portion or all of my real estate at public or private sale and to make, execute and deliver good and sufficient deeds to convey the same, the purchaser not to be answerable for the application of the purchase money."

The material provisions of the codicil were as follows:

" First: I hereby revoke the residuary clause of said will in favor of Anna E. Harlow and her sister Addie S. Harlow and instead thereof I give to said Anna E. Harlow and Addie S. Harlow the sum of Five Hundred Dollars to be equally divided between them.

" Second : The two thousand dollars given for the benefit of my sister Abby R. Fletcher, I give and bequeath to Samuel A. Bacon of Hartford in the State of Connecticut and George H. Harlow of Billerica in the Commonwealth of Massachusetts, in trust for said Abby R. Fletcher, the principal and income to be used if necessary to provide for her comfortable support and maintenance during her life."

" Eleventh: All the rest, residue and remainder of my estate real, personal and mixed of which I shall die seised and possessed or to which I shall be entitled at my decease, I give, devise and bequeath to said Samuel A. Bacon and George H. Harlow and Edward O. Harlow and their heirs and assigns forever."

*D. P. Bailey*, administrator, *pro se.*

*G. R. Blinn*, for Annie E. Harlow and others.

*C. A. Parker*, (*H. H. Newton* with him,) for Rebecca D. Wood and another.

KNOWLTON, C. J. The first of these cases is a bill for instructions, on which the single justice reported to this court five questions in regard to the construction of the will of Sarah R.

Harlow, deceased. The second is a petition to quiet or establish the title to land, brought by some of the heirs at law of Sarah R. Harlow against the other heirs and the residuary legatees of said deceased. The question of law raised on the second petition is the same as the first question reported by the single justice on the first petition.

1. The second clause of the will vested in Abby R. Fletcher a life estate with a power of sale in the real estate therein described, terminable on her marriage. In the first place, the words fixing the duration of the estate, " so long as she shall remain unmarried," do not indicate an intention to create an estate in fee. The authority to the devisee to sell at public or private sale, which immediately follows them, requires her " to invest and reinvest safely the proceeds of such sale and to receive and appropriate to her own use the income of such reinvestments so long as she shall remain unmarried." This provision is inconsistent with the creation of an estate in fee, and shows that the estate was for life only. A power to sell may well be given to a devisee in connection with a devise of an estate for life. *Woodbridge* v. *Jones,* 183 Mass. 549. *Collins* v. *Wickwire,* 162 Mass. 143. *Hatfield* v. *Sohier,* 114 Mass. 48. The authority in the fourteenth clause to the trustees to sell this real estate, on the request of Abby R. Fletcher, so far as it indicates any purpose in regard to the nature of her estate, implies very plainly that she was not to have the absolute control of an owner in fee.

The provision in regard to her possible marriage has no tendency to enlarge the estate. *Fuller* v. *Wilbur,* 170 Mass. 506. *Knight* v. *Mahoney,* 152 Mass. 523. If we apply the rule of the early cases in regard to provisions in restraint of marriage, the object of the devise in this case plainly is to provide for the devisee while single, and not to restrain marriage. The provision is therefore valid, even though the devisee might be induced to remain single to enjoy the benefits of the property. The devisee was a sister of the testatrix, more than seventy years of age. *Mann* v. *Jackson,* 84 Maine, 400. *Cornell* v. *Lovett,* 35 Penn. St. 100. *Jones* v. *Jones,* 1 Q. B. D. 279. *Heath* v. *Lewis,* 3 DeG., M. & G. 954. *McKrow* v. *Painter,* 89 N. C. 437. Jarm. Wills, (6th ed.) 886 and note, and cases cited.

2. The second clause of the codicil refers to the $2,000 of

which the income is given to Abby R. Fletcher in the second clause of the will, and not to the $2,000 given to her absolutely. The words, " given for the benefit of my sister," aptly describe a gift of a sum whose income is given during life, rather than an absolute gift of the same sum.

3. The eleventh clause of the will is inoperative. The beneficiary having died before the will was proved, only a month after the death of the testatrix, the trustees could not take the residue of the estate, and establish a trust, and invest this residue, for the purpose of paying to a beneficiary the income of $2,000 for one month. The cost of doing this would far exceed the income. Besides, the time for the termination of the trust arrived long before the trust could come into existence.

4. The residue of the estate is to be distributed among the persons named in the thirteenth clause of the will, as modified by the first and eleventh clauses of the codicil, as follows : one third to John B. Harlow, two ninths to Samuel A. Bacon, and the same share to George H. Harlow and Edward O. Harlow.

5. For reasons stated in our answer to the third question, it is not necessary for Samuel A. Bacon and George H. Harlow to qualify as trustees under the second clause of the codicil. Besides, the gift was only to be used if necessary to provide for the support and maintenance of Abby R. Fletcher during her life. There is no necessity for the use of it. In the first case answers are to be decreed accordingly. In the second case the petition is dismissed.

*So ordered.*

## MEMORANDUM.

On the second day of October, 1905, the Honorable JAMES MADISON BARKER died at Boston, where he was sitting as a single justice. He held the office of an Associate Justice of this Court from June 18, 1891, until the time of his death.