LARS DAHLGREN, administrator, *vs.* BOSTON AND MAINE
RAILROAD.

Worcester. October 23, 1911. — November 28, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DECOURCY, JJ.

*Way*, Public: by prescription. *Railroad*.

No right of way across the tracks of a railroad corporation on which its trains run
can have been acquired by the public by the use of a path which had existed
only for ten years when St. 1892, c. 275, was enacted, prohibiting the acquisition
by prescription of a right of way across any railroad track or location in use for
railroad purposes.

No public right of way by prescription across the tracks of a railroad corporation
on which its trains run can be established by tacking to a period of ten years
before the enactment of St. 1892, c. 275, during which the public had used a
certain path across such tracks, a previous period during which a distinctly
different path or road starting from a point more than eighty feet distant had
been used to cross the tracks.

TORT, by the administrator of the estate of Maria C. Dahlgren,
for causing the death of the plaintiff's intestate while she was
crossing the defendant's tracks at Greendale station at Worces-
ter on December 22, 1908, with two counts, the first under St.
1906, c. 463, Part II, § 245, alleging a failure of the defendant
to give the signals required by Part II, § 147, and to maintain
such a signboard as is required by Part II, §§ 149–151, of the
same chapter, and the second under St. 1906, c. 463, Part I,
§ 63, as amended by St. 1907, c. 392, alleging that the intestate's
death was caused by the negligence of the defendant or the un-
fitness or negligence of its agents or servants while engaged in
its business. Writ dated July 17, 1909.

In the Superior Court the case was tried before *Aiken*, C. J.
The facts appeared in evidence which are stated in the opinion.
At the close of the evidence the Chief Justice ordered a verdict
for the defendant; and the plaintiff alleged exceptions.

*V. E. Runo*, for the plaintiff.

*C. M. Thayer*, for the defendant.

DECOURCY, J. The plaintiff's intestate, Maria C. Dahlgren,
was killed by a passenger train while walking across the defend-
ant's tracks near Greendale station in Worcester.

The direction of the tracks at this place is substantially north and south.    Central Avenue runs in the same general direction and is about two hundred feet west of the tracks.    A way known as Dudley Avenue, but not laid out as a public street, extends from Central Avenue easterly to the line of the railroad location near the Greendale station.    The station and tracks are six feet higher than this avenue and are reached therefrom by wooden steps.    About fifty feet east of the tracks and parallel therewith is West Boylston Street, a public way.    The intervening land belongs to the railroad corporation and the tracks are three and seventy-five one hundredths feet higher than the street. On this land and opposite the station was a building known as Howe's store.    There is no planking between the rails of the track.

The plaintiff's intestate alighted from an electric car on West Boylston Street, proceeded by the north end of Howe's store and over a spur track and was approaching the northbound track when she was struck by the engine of an express train.

It is not contended that Mrs. Dahlgren was on the railroad property by invitation of the defendant.    She was not there for the purpose of transacting any business with the defendant or its agents, but was crossing the roadbed as a short cut to the house of her daughter on Mount Avenue, a street about seven hundred and fifty feet west of Central Avenue and parallel with it.    If she was on the railroad track without right the defendant cannot be held liable, as there was no evidence of wilful or reckless misconduct on the part of its servants.    *Wright* v. *Boston & Albany Railroad*, 142 Mass. 296.

The plaintiff's case is based on the contention that the public had acquired, by prescription, the right to cross the defendant's tracks at the point where Mrs. Dahlgren was killed.    Upon examination of the evidence we are of opinion that this claim of a public prescriptive right is not established.

The railroad was built about 1848.    One Isaac Lamb, the owner of a large farm, by deed dated December 27, 1847, conveyed to the defendant's predecessor in title the original location of the railroad from a point two hundred and eight feet south of where the Greendale station now is to a point seven hundred and fifty feet north, bounded by West Boylston Street on the east

and including the land where the tracks are located.   This deed contained the clause: "reserving to the grantor and his heirs and assigns a right to cross said railroad with cattle, teams, carts, etc. at a grade crossing near station 175, which crossing is to be made by said company with convenient approaches etc." Station 175 was somewhere near where the northerly end of the station platform now is.   The crossing so reserved was planked and was used by Lamb, whose farm was cultivated on both sides of the railroad.   The only house west of the railroad was that of Lamb and this way was little used except by him and by persons going to his house.   In 1870 one Dudley bought the Lamb place and some years later began to cut it up into lots.   Up to this time there clearly was no such user of this private way as to establish a public prescriptive right.   *McCreary* v. *Boston & Maine Railroad*, 153 Mass. 300.   *Sprow* v. *Boston & Albany Railroad*, 163 Mass. 330.   *Aikens* v. *New York, New Haven, & Hartford Railroad*, 188 Mass. 547.

About 1882 the Greendale station was built and radical changes were made near the old crossing.   Teams could no longer approach the track from Dudley Avenue, and the station platform was constructed partly over the old private way.   And it is clear from the evidence that those who crossed the railroad location on foot after 1882 used a route other than that previously in use, as they walked directly across the tracks between Howe's store and the station.   The Lamb private way crossed the tracks from the west side, near the present station platform, diagonally towards the north.   From a point on the electric car track in West Boylston Street directly opposite the northeast corner of Howe's store to the centre of the old Lamb's way is a distance of eighty-three feet.   The path used by the plaintiff's intestate was the later one that crossed the tracks from Howe's store to the station.   It did not exist previous to 1882, and long before it had been used for the necessary twenty years the St. 1892, c. 275, prohibited the acquisition by prescription of a right of way across any railroad track or location which is in use for railroad purposes.   *Simpson* v. *Boston & Maine Railroad*, 176 Mass. 359.   Nor could a prescriptive right in the more recent way be acquired by tacking together two distinct periods of use of the two substantially different routes.   *Pope* v. *Devereux*,

5 Gray, 409. *Hoyt* v. *Kennedy*, 170 Mass. 54. *Peters* v. *Little*, 95 Ga. 151. Jones on Easements, § 295.

The evidence would not warrant the jury in finding that the public had acquired a prescriptive right of way at the place where the plaintiff's intestate was killed, and the judge was right in directing a verdict for the defendant.

*Exceptions overruled.*