CHRISTINA PETERSON, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   November 17, 1915. — January 27, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Railroad, Causing death, Licensee.

In an action by an administrator against a railroad corporation for causing the death of the plaintiff's intestate, who was not a passenger or in the employ of the defendant, if it appears that the plaintiff's intestate was crossing a branch freight track of the defendant which it was necessary to cross in order to reach a station of the defendant but which otherwise the public were not invited to use and over which there passed only one freight train each way every twenty-four hours, that in crossing this track, entirely for his own purposes, the intestate took no precaution for his safety either by looking or listening, when if he had looked or listened he would have seen or heard a train coming, and that he was struck and killed by the engine of a freight train moving at the rate of from six to eight miles an hour and giving no signal of its approach by bell or whistle, the plaintiff cannot recover and judgment must be ordered for the defendant; because the death of the plaintiff's intestate was the result of his coming uninvited to a place of peril and exercising no care for his safety, and there is nothing to show that he had a right to rely upon a bell or signal being sounded on the defendant's engine when approaching on the freight track.

TORT under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1, by the administratrix of the estate of Peter Peterson, late of Boston, for negligently causing the death of the plaintiff's intestate on May 3, 1913, when he was in the exercise of due care and was not a passenger or in the employ of the defendant, by running him down with a freight train as he was crossing a track of the defendant on Walnut Street near the Neponset station of the defendant in Boston.   Writ dated July 10, 1913.

The declaration contained two counts.   The first count alleged that the plaintiff's intestate was run over by a train of the defendant when he was a traveller on the highway.   The second count, which became immaterial, alleged that the intestate was a passenger of the defendant.

In the Superior Court the case was tried before *White,* J.   There

is printed below a reduced copy of a part of a plan showing the place of the accident. At the close of the evidence, the material part of which is described in the opinion, the judge ordered a verdict for the defendant on the second count of the declaration. The defendant asked the judge to make the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. The plaintiff is not entitled to recover under the first count in the declaration."

"9. Upon all the evidence there is no evidence that the plaintiff's intestate was in the exercise of due care."

"13. There is no evidence that the defendant committed toward the plaintiff's intestate any act intentionally injurious or wanton and reckless."

The judge refused to make any of these rulings, and submitted the case to the jury on the first count of the declaration. The jury returned a verdict for the plaintiff in the sum of $2,000; and the defendant alleged exceptions.

*Joseph Wentworth,* for the defendant.

*R. L. Raymond,* (*A. H. Whitman* with him,) for the plaintiff.

CARROLL, J. This is an action under St. 1907, c. 392, to recover for the death of Peter Peterson who was killed May 3,

1913, while crossing the Dorchester and Milton branch track of the defendant's railroad, at the Neponset station. The outward station is between the main tracks and the branch track. This station is surrounded by a concrete platform about one foot higher than the tracks. West of the platform is an open space, which is in part Rice Street and in part land of the defendant. Taylor Street, Walnut Street and Wood Street lead into Rice Street. This whole open space was at the same grade as the nearest rail of the branch track. There was no fence or other obstruction separating the defendant's land from the street, and "the only practical and used way of getting to or from the outward bound station was by crossing this branch track of the Dorchester and Milton Branch Railroad."

The deceased was not a passenger and there was no evidence that he entered the premises on any business with the defendant. He came from Taylor Street, and, while crossing the branch track, was struck by an engine drawing a freight train and was killed. The accident happened about noon on a clear day. Peterson came down Taylor Street, "looking straight ahead and was walking at a slow pace," smoking a cigar and walking toward the station in a diagonal direction, away from the train which struck him. As he stepped on the rail, he apparently saw the engine for the first time. It then was "almost on top of him and he made a kind of jump, and when he was about on that rail he was struck by the engine." Neither the engineer nor the fireman saw the deceased before he was struck. The train was moving at the rate of from six to eight miles an hour; there was evidence that no signal of its approach was given by bell or whistle. The branch track was used only by this freight train once each way in twenty-four hours. There was evidence that in the centre of Taylor Street, forty-five feet from the nearest track, a man could be seen on the track whence the train came one hundred and twenty feet; twenty-five feet from the nearest rail a man could be seen one hundred and thirty-five feet; fifteen feet from the rail a man could be seen one hundred and sixty-eight feet; and there was evidence from the plaintiff's witnesses that as a train approached, coming round the curve, you could hear the grinding and squeaking of the wheels on the rails.

On this state of facts, even if this were a common law action,

we can find no evidence that the deceased used any care, or took any precaution to protect himself from injury. For some distance before he reached the track, if he looked, he could have seen the train, and, if he listened, he could have heard it approaching. There is nothing to show that this track was abandoned, and the plaintiff's intestate would not have been justified in making such an assumption. The fact that it was used to a very limited extent did not excuse him from showing by some evidence his use of care. A railroad track is a place of danger and care proportionate to the danger must be used by one who seeks to cross it. As the intestate came to the place of peril, he in no way manifested the exercise of any caution. He apparently gave no attention either to anticipating or avoiding danger. Such circumstances show a lack of common, ordinary care.

The evidence discloses nothing which gave him the right to rely upon a bell or whistle being sounded at this point. *Hammond v. Boston Elevated Railway, ante,* 270. *Plympton v. Boston Elevated Railway,* 217 Mass. 137. *Smallwood v. Boston Elevated Railway,* 217 Mass. 375. *O'Brien v. Boston Elevated Railway,* 217 Mass. 130. *Holian v. Boston Elevated Railway,* 194 Mass. 74. *Donovan v. Lynn & Boston Railroad,* 185 Mass. 533.

If the deceased attempted to pass over a railroad crossing of a highway, in this way, without using his senses, where to some extent he could rely on the statutory signals, he would not be in the exercise of due care. *Allerton v. Boston & Maine Railroad,* 146 Mass. 241. *Chase v. Maine Central Railroad,* 167 Mass. 383. In walking over a track which the public were not invited to use as a crossing, and where the defendant was not bound to expect them, he was obliged to use at least equal care. *June v. Boston & Albany Railroad,* 153 Mass. 79. The arrangement of the station grounds did not amount to an invitation to the public to use them. In *Holmes v. Drew,* 151 Mass. 578, the defendant laid out and paved the sidewalk on her own land, allowing it to appear as part of the public footway, in order that the public might use it as a sidewalk of the street. See *Dahlgren v. Boston & Maine Railroad,* 210 Mass. 243.

As the plaintiff's intestate was not in the exercise of due care, it becomes unnecessary to consider the other questions in the case.

The defendant's exceptions are sustained, and in accordance with St. 1909, c. 236, judgment is to be entered in the Superior Court for the defendant.

*So ordered.*