GERTRUDE TIBBETTS *vs.* CHARLES F. CURTIS.

Androscoggin.    Opinion October 16, 1917.

*Wills. Intention of testator. General rule to be applied in construction of will.*

A bill in equity brought in the Probate Court of Androscoggin County by complainant for the construction of the will and codicil of George W. Curtis, deceased. The case is here upon exceptions to the decree of the Supreme Court of Probate sustaining the decree of the Probate Court.

It is elementary law that the intention of the testator collected from the whole will and all the papers which constitute the testamentary act is to govern.

It may well be doubted if any other source of enlightenment in the construction of a will is of much assistance than the application of natural reason to the language of the instrument, under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surrounding its execution and connecting the parties and the property devised with the testator and with the instrument itself.

Citations of adjudicated cases cannot afford much aid. No two wills are ever precisely alike. No two testators are situated precisely the same, and it is both unsafe and unjust to interpret the will of one man by the dubious light afforded by the will of another.

The codicil of the testator, formal parts omitted, is "I now revoke item sixth in said will, wherein I bequeathed thirty-five hundred dollars, to my brother Silas Curtis, of Wayne, and I now give and bequeath to Charles F. Curtis of Auburn, Maine, two thousand dollars ($2,000.00) in trust, to be used by him for the benefit of my said brother Silas Curtis, hereby giving said Charles F. Curtis,

absolute control of said sum in his discretion, not confining him to the income thereof, for the benefit of my brother Silas, if the said Silas shall survive me, but authorizing him to use from the principal of the same, when in his judgment it shall become necessary.

"Should any of said trust fund be unexpended on the death of my said brother Silas, I direct said Trustee to use from said fund to give my said brother a Christian burial and erect a gravestone to his memory, and, if after these expenses shall have been incurred there shall be any balance remaining I direct my said trustee to pay it to my niece, Gertrude Tibbetts, providing she shall continue to care for her father. If some one other than the said Gertrude cares for my brother Silas I direct said Trustee to pay what may be left, if any, to that person."

Silas Curtis, who at the date of the codicil was living with complainant who was caring for him then and continued to care for him until his death, predeceased the testator.

*Held*: That the testator had in mind a definite plan for the benefit of his brother and whoever cared for him till his death;

That the death of Silas was not to effect the remainder of the plan, that the bequest in trust has not lapsed, that the burial expenses of Silas and the erection of a gravestone to his memory are charges against that fund, and, these being paid therefrom, that the Complainant is entitled to the balance.

Bill in equity filed in the Probate Court, Androscoggin County, asking the court to construe and interpret the will of George W. Curtis and the codicil thereto. From the finding of the Judge of Probate, appeal was entered to Supreme Court of Probate, at which term the appeal was dismissed by the presiding Justice; to which ruling, exceptions were filed. Judgment in accordance with opinion.

Case stated in opinion.

*White & Carter*, for plaintiff.

*Tascus Atwood*, for Defendant.

SITTING: CORNISH, C. J., KING, BIRD, HANSON, MADIGAN, JJ.

BIRD, J. The will of George W. Curtis, bearing date the twenty-sixth day of October, 1910, among other legacies, gave to his brother Silas Curtis, the sum of three thousand five hundred dollars. On the eighteenth day of November, 1915, he executed a codicil to his will, which omitting formal parts, is as follows:

"I now revoke item sixth in said Will, wherein I bequeathed thirty-five hundred dollars, to my brother Silas Curtis, of Wayne, and I now give and bequeath to Charles F. Curtis of Auburn, Maine, two thou-

sand dollars, ($2,000.00) in trust, to be used by him for the benefit of my said brother Silas Curtis, hereby giving said Charles F. Curtis, absolute control of said sum in his discretion, not confining him to the income thereof, for the benefit of my brother Silas, if the said Silas shall survive me, but authorizing him to use from the principal of the same, when in his judgment it shall become necessary.

"Should any of said trust fund be unexpended on the death of my said brother Silas, I direct said Trustee to use from said fund to give my said brother a Christian burial and erect a gravestone to his memory and, if after these expenses shall have been incurred there shall be any balance remaining I direct my said trustee to pay it to my niece, Gertrude Tibbetts, providing she shall continue to care for her father. If some one other than the said Gertrude cares for my brother Silas I direct said Trustee to pay what may be left, if any, to that person."

Both the will and codicil were duly proved and allowed in the Probate Court of Androscoggin County and defendant Charles F. Curtis appointed executor. Silas Curtis, having predeceased the testator, Gertrude Tibbetts, his daughter, brought her bill in equity for the construction of the codicil in the Probate Court of Androscoggin County. Other facts essential to an understanding of the case will be found in the opinion of the Judge of Probate which we quote in full;

"A decision of this case calls for the construction of the codicil to the will of George W. Curtis, late of Auburn, deceased. The codicil in question is dated November 18, 1915. Silas Curtis, therein named, died December 23, 1915. George W. Curtis, the testator, died February 15, 1916. It is admitted that at the date of the codicil the said Silas Curtis was living with the plaintiff, who was then caring for him and continued to care for him until his death. It is further admitted that at the time of the filing of the bill the remains of said Silas Curtis were in a tomb or receiving vault and had not been buried, nor had a gravestone been erected to his memory,—but while the case has been pending in this court the expenses of the burial and of the gravestone have been paid by the respondent, Charles F. Curtis, in accordance, as he says, with a request of George W. Curtis.

"The plaintiff contends that by the codicil a trust fund of two thousand dollars was created to be applied, first for the benefit of Silas Curtis if Silas survived the testator; second, to provide for a

Christian burial of Silas Curtis and for the erection of a gravestone in his memory; and third, the balance was to be paid to the niece, Gertrude Tibbetts, provided she continued to care for her father.

"The contention is that the clause 'if said Silas shall survive me' applies only to the use of the fund for the benefit of Silas during his life, and that the further provisions indicate an intent on the part of the testator to provide for the burial of his brother and for the erection of a gravestone to his memory, and to recognize the care which the plaintiff, Gertrude Tibbetts had rendered and should render to her father.

"The defendant, Charles F. Curtis, on the other hand contends that the whole bequest was conditional upon the survivorship of Silas, and that Silas having died before the testator, the trust never became operative,—that there is no obligation on his part to pay from the fund the expenses of his burial or to erect a gravestone to his memory,—and that the niece, Gertrude Tibbetts is not entitled to any portion of the fund.

"The difference in the views of the parties arises from the location of the phrase 'if the said Silas shall survive me', which it will be noticed is inserted between two clauses of the will relating to the use of the fund. The defendant, Charles F. Curtis, would construe the will as if the clause 'if the said Silas shall survive me' had been inserted after the words 'two thousand dollars', so that the codicil would read:

'I now give and bequeath to Charles F. Curtis, of Auburn, Maine, two thousand dollars if my brother Silas Curtis shall survive me, in trust to be used by the said Charles F. Curtis for the benefit of my said brother Silas Curtis, and hereby give said Charles F. Curtis absolute control of said sum in his discretion, not confining him to the income thereof for the benefit of my brother Silas, but authorizing him to use from the principal of the same when in his judgment it shall be necessary.'

"The counsel for the several parties have stated their contentions with much positiveness. I have therefore examined the case with much care and given it careful consideration.

"It is familiar law and not disputed, that the intention of the testator collected from the whole will and all the papers which constitute the testamentary act, is to govern; that the intent is to be

sought in the will as expressed, and that the declarations of the testator before or after the will was made cannot aid the interpretation.

" 'It may well be doubted if any other source of enlightenment in the construction of a will is of much assistance than the application of natural reason to the language of the instrument, under the light which may be thrown upon the intent of the testator by the extrinsic circumstances surrounding its execution and connecting the parties and the property devised with the testator and with the instrument itself.' *Clark* v. *Johnston*, (Miller, J.) 18 Wall., 493, cited and quoted in *Bradbury* v. *Jackson*, 97 Maine, 455, 456.

"Citations of adjudicated cases cannot afford much aid.

" 'No two wills are ever precisely alike. No two testators are situated precisely the same, and it is both unsafe and unjust to interpret the will of one man by the dubious light afforded by the will of another.' *Bradbury* v. *Jackson*, 97 Maine, 455, 456.

"After considering the will and codicil in all their details, and weighing all portions thereof, I think George W. Curtis had in mind several objects, all parts of one plan, which I would state as follows.

1. To reduce an absolute legacy of $3500 to the smaller sum of $2000, placing the latter sum in trust.

2. To provide from this fund for the care of his brother Silas while he lived.

3. To provide for his burial and the erection of gravestones, having in mind the contingency which has happened, that his own death might follow the death of his brother so closely that he could not attend to the burial himself.

4. To make provision for the niece, Gertrude Tibbetts, if she continued to care for her father as she was doing when the codicil was made; and

5. If through sickness, death or other cause, Mrs. Tibbetts could not care for Silas Curtis, to provide for whoever might furnish such care.

"I think that the phrase 'providing she shall continue to care for her father,' means to continue to care for him as Mrs. Tibbetts was caring for him when the codicil was made, and as she continued to care for him until the day of his death. If the codicil is construed as the defendant, Charles F. Curtis, contends, by reading the conditional clause into the instrument immediately following the amount of the legacy and before the declaration of trust, the whole plan has

failed; he is under no obligation to pay for the burial of Silas and the erection of gravestones, and there is no recognition of the care rendered by the plaintiff to Silas Curtis. By his action in assuming to pay these expenses he cannot affect the plaintiff's rights. But reading the codicil as it is written, with the conditional clause placed parenthetically between the clause relating to the application of the income and the clause authorizing the use of the principal, the intention of the testator that the death of Silas is not to affect the remainder of the plan, is emphasized and made clear.

"I cannot think that it was the intention of the testator that the whole plan should fail if he survived his brother, and the language of the codicil considered in all its parts, does not require such a construction.

"So construing the codicil, the case falls rather under the doctrine of *Thompson* v. *Thornton*, 197 Mass., 273, and similar cases cited in behalf of the plaintiff, than under the doctrine of *Huston* v. *Dodge*, 111 Maine, 246, 251, and *Harlow* v. *Bailey*, 189 Mass., 208, cited in behalf of the defendant Curtis.

"I therefore rule that the bequest to Charles F. Curtis of two thousand dollars in trust, as made in said codicil, has not lapsed; that the expenses of the burial of Silas Curtis and the erection of a gravestone to his memory are a charge against that fund, and that the plaintiff, Gertrude Tibbetts, is entitled to the balance of the fund after these expenses have been paid."

From the decree entered in accordance with the opinion and ordering that the costs of complainant taxed at a sum certain, be paid from the general assets of the estate, the respondents appealed, giving as reasons of appeal, 1. that it being admitted that Silas died before the testator, the legacy of $2000 in trust lapsed; 2. that the only interest of complainant in the estate was contingent upon her father's surviving the testator and her continuing to care for her father in case he survived the testator; 3. that the complainant is entitled to no part of the trust fund, so called, as it never came into being; 4. that the complainant is not entitled to costs.

Upon hearing in the Supreme Court of Probate, it was decreed that the appeal be dismissed with costs, the decree of the Judge of Probate affirmed and the case remanded to the Probate Court.

To this decree of the Supreme Court of Probate the respondent had exceptions upon which the case is now before us.

It is the opinion of the court that the exceptions must be overruled for the reasons set forth in the opinion of the Judge of Probate which the Justice sitting in the Supreme Court of Probate made part of his rescript. To it we can add nothing save to call attention to the cases of *Adams* v. *Legroo*, 111 Maine, 302, 307, and *Prescott* v. *Prescott*, 7 Met., 141, 145, which are in harmony with the opinion.

> *Exceptions overruled.*
>
> *Costs of complainant in this court to be paid from the general assets of the estate.*
>
> *Case remanded to the Supreme Court of Probate of Androscoggin County for further proceedings in accordance with this opinion.*