GRACE MANSFIELD and others, in equity,

*vs.*

WILLIAM H. MANSFIELD.

Waldo. Opinion December 28, 1883.

*Will. Life-estate in real and personal property.*

A devise of property personal and real, to the wife of the testator to hold the same so long as she shall remain his widow, followed by a devise over of the same property to a son and one of the daughters of the testator in unequal proportions upon the termination of the estate of the wife therein, gives to the widow an estate for life in such property determinable upon her marriage; and she can convey nothing more by her deed of the realty.

A life-estate in personal property the ordinary use of which is its destruction, is of course equivalent to an absolute gift when the same has been consumed, and the gift of such life-estate in goods and chattels which are liable to be worn out and deteriorated by use, amounts to the same thing if the life-estate lasts long enough.

Not so as to moneys, and bank or other stocks that may be expected to yield an income without waste of the principal. But the rule in this state is that the legatee for life of personal property is entitled to the possession, management and control of it after the settlement of the estate, the court having power to require security in proper cases for the preservation of the principal, when it is of such a character that the principal ought to be preserved.

BILL in equity. Heard on bill and demurrer.

The opinion states the facts.

*Barker, Vose and Barker,* for the plaintiffs.

*Joseph Williamson,* for the defendant.

BARROWS, J.   William Mansfield, who died in 1874, left a will, executed in 1872, and since his death duly probated, whereby he devised to his beloved wife Grace, one of the complainants, all his "property and estate of any description and wherever situate, to hold the same so long as she shall remain [his] my widow." By the second item he devised to his son William H. the respondent here, two-thirds of the same property and estate "upon the termination of the estate of my wife therein, "upon condition that he pay to a daughter of the testator one hundred dollars, "when he comes into possession of said property." By the third item he gave to this daughter one hundred dollars, to be paid to her by the son, "out of the property devised to him in the second article." In the fourth item he devises to another daughter "one-third part of all my property and estate upon the termination of the estate of my wife therein;" and in the fifth and last item, he appointed his son executor. By the inventory, it appears that the testator left something less than seventeen hundred dollars in personal property, and real estate appraised at fifty-four hundred and thirty-three dollars.

The bill charges that the income of the estate under prudent management has been insufficient for the reasonable support of the widow — that the personal estate which was left after payment of debts and charges of administration has been consumed for her support — that she is unable to make sale of the real estate because the respondent claims that she has not a fee, but only a life estate therein. Whereupon she and the daughters claim that it was not the true intent of the testator that she should be thus left dependent upon charity, and therefore they call upon the court for such a construction of the will as shall give to the parties concerned a knowledge of their legal rights in the premises. The chief interest which the parties have in the question presented relates to the character of the estate which the wife took in the realty.

Touching the personalty it·may be remarked that a gift even of the use for life of any articles that are necessarily consumed in the using, such as hay, grain, provisions and the like, is commonly tantamount to an absolute bequest of them, and is entirely equivalent, when the article has been consumed by the legatee — that the same is true (when the life estate continues long enough) of many other chattels which are liable to be worn out and cease to be valuable by lapse of time, such as household furniture, domestic animals, vehicles, agricultural implements. Not so as to moneys, bank and other stocks or other personalty which may be expected to yield an income without impairment or depreciation of the principal. But as to all personal estate thus bequeathed, the rule in this state is that the possession, management and control of it belongs after the payment of funeral expenses, debts and charges of administration, to the legatee for life. *Starr* v. *McEwan*, 69 Maine, 335 — the court having power in their discretion to require security for the preservation of the principal in proper cases. *Sampson* v. *Randall*, 72 Maine, 109. There is nothing in the present case which seems to call for the exercise of that power. As to the real estate, it may well be that the testator did not anticipate the results which were to follow from the provisions that he saw fit to make for his "beloved wife." But we can judge of his intentions only by what he did. He omitted those provisions which were held sufficient in *Hall* v. *Preble*, 68 Maine, 100, to enable the widow to convey a fee in land devised to her during life.

It is true that by R. S., c. 74, § 16, "a devise of land must be construed to convey all the estate of the devisor therein unless it appears by his will that he intended to convey a less estate." But the provisions above quoted abundantly suffice in accordance with repeated decisions of this court and well settled rules of construction, to show that this testator intended to give to his wife at best but an estate for life and to make a devise over in fee, upon the wife's death or marriage, to his son and one of the daughters in unequal proportions, the son's portion being

conditioned also for the payment of a legacy to the other daughter when he should come into possession of his own share. Whatever the necessities of the widow, or however great the hardship, we cannot construe the will otherwise than as giving her a life estate determinable upon her marriage; and she can convey nothing more to her grantees.

"If a man grant an estate to a woman *dum sola fuit, durante viduitate,* or *quamdiu se bene gesserit* . . . for any like incertaine time, which time, as Bracton saith, is *tempus indeterminatum*; in all these cases, if it be of lands or tenements, the lessee hath, in judgment of law, an estate for life determinable." Co. Litt. Lib. 1, c. 6, § 56; First Part Hargraves' Ed. p. 42. And Blackstone describes and illustrates in like manner a certain species of tenancy for life. Black. Comm. Vol. II, p. 121.

See also besides the cases above cited from 69 and 72 Maine, *Warren* v. *Webb*, 68 Maine, 133; *Fox* v. *Rumery, id.* 121, 126-128; *Stuart* v. *Walker*, 72 Maine, 145; *Green* v. *Hewitt*, 97 Ill. 113; *Cooper* v. *Pogue*, 92 Penn. 254: *Bradly* v. *Westcott*, 13 Vesey, Jr. 445; *Giles* v. *Little*, 104 U. S. 291; *Parsons* v. *Winslow*, 6 Mass. 169, 178; *Dumey Schoeffler*, 24 Mo. 170.

> *Decree in conformity herewith.*
> *No costs for either party.*

PETERS, C. J., WALTON, DANFORTH and LIBBEY, JJ., concurred.