# TURNER ASHBY MADDOX

*vs.*

# WILLIAM M. YOE.

*Wills: construction; intention; presumption against intestacy; marriage as condition of defeasance.*

In construing wills, it is to be presumed that the testator intended to dispose of his whole estate and not to die intestate as to any part of it.                                    p. 291

A devise or bequest to a woman of an estate so long as she remains unmarried, with a limitation over in case of her marriage, is an estate under a special limitation, and the devise or bequest is valid, since it is not in fact a condition in restraint of marriage.                                    p. 292

Such a limitation in a devise to a widow vests in her a life estate only, subject to be defeated by her marriage.          p. 292

By his will, a testator devised all his property to M. for life; upon M.'s death to Y., so long as Y. should remain single; in case of Y.'s marriage, then from and after that date to T. and his heirs forever.  Y., not having married, predeceased M.; *held,* that upon the death of M., T. took in fee simple.          p. 296

*Decided June 25th, 1913.*

Appeal from the Circuit Court for Prince George's County (BEALL, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE. JJ.

*Sylvan H. Lauchheimer* (with whom was *Douglas S. Mackall* and *Milton Strasburger* on the brief), for the appellant.

*F. Snowden Hill* (with whom was *Joseph C. Mattingly* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

William M. Maddox, of Prince George's County, Maryland, died in the year 1885. He left surviving him neither wife, child, nor descendants. Two brothers and five sisters survived him, all of whom are now dead, except Mary F. Maddox. The appellee in this case is a nephew of William M. Maddox,—a son of his sister Ellen D. Yoe, and the appellant is one of the children of his brother, Adderton Maddox. At the time of his death, William M. Maddox was seized and possessed in fee simple of a valuable farm located in Prince George's County, containing 156 acres of land more or less and called "Val Verde." He also owned some personal property of small value. He left a last will and testament duly executed, which was admitted to probate in the Orphans' Court for Prince George's County, and is now of record in the office of the Register of Wills of that county.

The whole of said last will and testament, except the attestation clause, which is in due form, is here transcribed:

"I devise and bequeath to my sister, Mary F. Maddox, all my property, real, personal and mixed, wherever situated, for and during the term of her natural life. And from and after her death I give and devise the same to my niece, Catherine M. Yoe, of Prince George's County, Maryland, so long as she may remain single and unmarried. And in case of her marriage, from and after that time, give and devise all of my said property to, my nephew, Turner Ashby Maddox, of Claiborne Co., Miss., and to his heirs, absolutely forever."

After the death of William M. Maddox, Catherine M. Yoe by deed dated November 12, 1891, in due form executed and acknowledged, and recorded among the Land Records of Prince George's County, granted and conveyed all her right, title and interest, and estate to the farm called "Val Verde" to the appellee, William M. Yoe. Catherine M. Yoe is now dead, having remained single and unmarried until her death.

Mary F. Maddox, named in the will, is still living. By deed dated September 11, 1912, duly executed, acknowledged and recorded, she granted and conveyed all her right, title, interest and estate in and to the farm called "Val Verde" to the appellee, who is now in full possession of the property, claiming it as his own and asserting a fee simple title thereto; but he is unable to sell the property or any part thereof, or to fully enjoy the same, because the appellant, Turner Ashby Maddox, claims that under the last will and testament of William M. Maddox the title to said property is vested in him in fee simple, subject to the life estate of Mary F. Maddox.

In December, 1912, a special case was stated in the Circuit Court for Prince George's County under the 47th General Equity Rule for the construction of the last will and testament of William M. Maddox in which the above stated facts were set forth. The opinion of the Court and a decree in conformity therewith were requested upon the question, whether by the true construction of the will of William M. Maddox and under the facts set forth in the case stated any title or interest, and if so, what title or interest vested either in the appellee, William M. Yoe, or in the appellant, Turner Ashby Maddox, or in each of them to the farm known as "Val Verde."

The lower Court decreed that by the true construction of the will of William M. Maddox, Catherine M. Yoe, her heirs and assigns were vested with a remainder in fee simple in said property determinable upon her marriage; that by her deed, dated November 12, 1912, she conveyed all her right,

title, interest and estate in and to said property called "Val Verde" to the appellee; and that by the death of said Catherine, unmarried, and by the deed from Mary F. Maddox to the appellee of her life estate in said property, "he is seized and possessed of all the rights, title and estate of said testator, William M. Maddox, in and to the said property called 'Val Verde.'" From this decree Turner Ashby Maddox has appealed.

The important question in the case is this: What estate did Catherine M. Yoe take under the will? That depends upon the proper meaning and legal effect of the words *"so long as she may remain single and unmarried"* occurring in the devise to her, read in connection with the *limitation over contained in the will.* It is apparent from the language employed in the will and the environments and circumstances surrounding the testator at the time of its execution that the objects of his bounty were the three persons named in the will, viz: Mary F. Maddox, Catherine M. Yoe and Turner Ashby Maddox. The appellee is not mentioned in the will, and as it is to be presumed that the testator intended to dispose of his whole estate and not to die intestate as to any part of it, we must conclude that he intended that the persons named should take his whole estate to the exclusion of all others.

It is now well settled that a devise or bequest to a woman of an estate in the terms used in this will, with a limitation over in case of marriage, is an estate upon special limitation, and the devise or bequest is valid, since there is in fact no condition in restraint of marriage. The effect of such a limitation is to circumscribe the duration of the estate devised. The authorities are practically unanimous in support of this proposition. *Mitchell* v. *Mitchell,* 29 Md. 581; *Clark* v. *Tennison,* 33 Md. 85; *Trenton Trust Co.* v. *Armstrong,* 62 Atl. Rep. 456; *Burch's Estate,* 185 Pa. St. 194; *Nash* v. *Simpson,* 78 Me. 142; *Harlow* v. *Bailey,* 189 Mass. 208; *Courter* v. *Stagg,* 27 N. J. Eq. 305, and many other cases.

It is conclusively settled by the American and English cases that such limitations in a devise to a widow vests in the devisee a life estate only subject to be defeated upon her marriage.

In *Sink* v. *Sink,* 64 S. E. Rep. 193, the Supreme Court of North Carolina had under consideration an item in a will which read as follows:

"I give and bequeath to my beloved wife, Mahaley, the remainder of my land, after selling off, as directed in the 10th item, whatever there may be remaining, to have and to hold to her own proper use and behoof, to embrace my mansion house and other out houses and improvements of the land I now live on, during the term of her widowhood, and after her marriage to be equally divided between my brother and sisters or their legal representatives share and share alike." The Court said:

"We are of opinion that the estate in the land devised to the widow could not endure beyond her life. Blackstone says that, if an estate be granted to a woman during her widowhood or to a man until he be promoted to a benefice, in these and similar cases, whenever the contingency happens, or when the widow marries, or when the grantee obtains a benefice, the respective estates are absolutely determined and gone. Yet, while they subsist, they are reckoned estates for life; because, the time for which they will endure being uncertain, they may by possibility last for life, if the contingences upon which they are to determine do not sooner happen. 2nd *Blk.* 121. In *Fuller* v. *Wilbur,* 170 Mass. 506, 49 N. E. 916, the devise was as follows: 'I give and bequeath to my beloved wife, all my real and personal estate of whatever name, for her sole use and benefit so long as she remains my widow, except the legacies to my children.' With reference to this devise the Court, by MORTON, J., said: 'The first question in these cases is: What interest did the widow of Elijah Wilber take under her husband's will? There is some ground, perhaps, for saying that, with the exception of the

legacies to her children, she took the entire estate absolutely and in fee, subject to be divested if she married again; but we think that the better construction, and the one which is according to the weight of authorities here and elsewhere, is that she took a life estate determinable on the happening of that event.' *Knight* v. *Mahoney,* 152 Mass. 523; *Loring* v. *Loring,* 100 Mass. 340; *Dole* v. *Johnson,* 3 Allen (Mass.), 364; *Mansfield* v. *Mansfield,* 75 Me. 509; *Nash* v. *Simpson,* 78 Me. 142; *Evans Appeal,* 51 Conn. 435; *Cooper* v. *Pogue,* 92 Pa. 254; 4 *Kent Com.* 26, 27; 2 *Bl. Com,* 121; 1 *Washb. Real Prop.* 5th Ed. 63. The words 'so long as she remains my widow' imply a continuation of the estate during widowhood and no longer; and, at most, it could not extend beyond her life. In *Kratz* v. *Kratz,* 189 Ill. 276, the devise was to the wife during her widowhood of the real and personal estate 'absolutely and unconditionally,' and the Court held that her interest was limited to the period of her widowhood —that is, during her life or until she married."

In *Gough* v. *Manning,* 26 Md. 347, the Court quoted from *Coke and Cruise,* as follows: "If an estate be given to a woman *'dum sola fuerit,'* or *'durante viduitate,'* the grantees have an estate for life determinable upon the happening of these events. 1 *Just.* 42 (*a*); *Cruise Dig. Tit. Est. for Life,* Ch. 1, section 8."

The cases make no distinction as to the duration of the estate whether the devisee be a widow or an unmarried woman. In both instances the object of the devise is the support of the devisees until marriage, and the estates devised are at most life estates. This was distinctly held in *Dana* v. *Murray,* 122 N. Y. 604; *Harlow* v. *Bailey,* 189 Mass. 208; *Trenton Trust Co.* v. *Armstrong, supra.* We, therefore, hold that by the true construction of the will of William M. Maddox, Catherine M. Yoe took a life estate only in the property devised, and, being now dead, that estate is terminated.

The next question is: Does the remainder, after her death and the death of Mary F. Maddox, pass to Turner Ashby Maddox under the limitation over contained in the will? This question, upon settled rules of construction, is free from difficulty. The courts have been called upon frequently to construe similar provisions in wills, and they have uniformly held that under limitations over, such as that now under consideration, the devisee in remainder will take the estate. The principle of construction deduced from the decisions is thus stated in 1 *Underhill on Wills,* 625: "A devise by the testator to his widow for the term of her natural life, but if she should marry again, then in fee to A, without any provision for the disposition of the fee after her death *in case she should not marry again,* is a very common form of disposition. In such cases the courts will insert the words 'when she dies,' or 'after her death,' and A will take a vested remainder by implication upon the death of the widow, without having remarried."

In *Metcalf* v. *Farmingham Parish,* 128 Mass. 370, CHIEF JUSTICE GRAY said: "It is well settled in England that a devise or bequest to a widow for life, if she shall not marry, and, if she shall marry, then over to another person, gives a remainder to him if she dies unmarried. *Luxford* v. *Cheeks,* 3 Lev. 125; *Gordon* v. *Adolphus,* 6 Bro. P. C. (2nd Ed.), 306; *Eaton* v. *Hewitt,* 2 Dr. & Sm. 184; *Browne* v. *Hammond,* Johns. Ch. 210; *Underhill* v. *Roden,* L. R. 2 Ch. D. 494. In such cases the general intent is implied to give the remainder over after the death of the tenant for life; and the event of her marrying again is treated as merely qualifying or cutting down her life estate, and not as prescribing the contingency upon which the remainder is to take effect."

In *Underhill* v. *Roden,* Law Rep. 2 Ch. Div. 494, referred to by CHIEF JUSTICE GRAY, Sir George Jessel, Master of the Rolls, said: "It is a great pity where a general rule of this kind is well established that judges should not follow it. The general rule is extremely well expressed, if I

may say so, in *Eaton* v. *Hewitt,* 2 Dr. & Sm. 184, 192, by a
very distinguished judge in these terms: 'It is a rule now
well established that where a testator gives to a woman a life
interest if she so long remains unmarried, and then directs
that in the event of her marriage the property shall go over
to another, although, according to the strict language, the
gift over is expressed only to take effect in the event of the
marriage of the life tenant, the gift over is held to take effect,
even though the tenant for life does not marry.' The rule
is again stated thus by another distinguished judge in *Browne*
v. *Hammond, Johns* Ch. 210, 214: 'It appears to me clear
that I am concluded by the authorities which have determined
that a devise or bequest over, though in terms made upon the
marriage of the donee of the preceding estate, is to be ex-
tended by implication, so as to take effect on the determina-
tion of that estate by death.' "

It is to be observed that the limitation over in this will is
upon the marriage of Catherine M. Yoe. The will is silent
as to the disposition of the remainder in the event of her
death. Is the Court to hold that the testator died intestate
as to this remainder, and that, contrary to his evident inten-
tion, it is now vested in his heirs at law, or must it hold that
upon the death of Mary F. Maddox, it will vest in Turner
Ashby Maddox, whom the testator intended to be the ultimate
object of his bounty? There would seem to be no reasonable
doubt that he intended him to have the property at the ex-
piration of the preceding life estate.

In *Clark* v. *Tennison,* 33 Md. 85. a question identical in
principle with the one under consideration was decided. In
that case the testator had devised all the residue of his estate
to his wife so long as she remained his widow; and at her
*death* to be equally divided among his children. The widow
remarried. The Court, in construing this item of the will,
said: "By this will the wift to the wife is during *her widow-
hood;* the limitation over to the children is upon *her death.*
What becomes of the property in the intermediate time be-
tween her marriage and her death? The will is silent as to

that, and the appellants contend there is an intestacy; while the appellees maintain that the will must be read as if the limitation over was to take effect upon the marriage or death of the widow, in order to carry out the intent of the testator, and that the necessary words to effectuate that intention may be supplied. In support of this proposition the appellees have referred to several cases in which the Courts have, in the construction of wills, transposed or changed words, or even supplied words omitted in the will, in order to effect the intention of the testator, where that intention is manifest on the face of the will. * * * The plain intent of the testator was that the widow should have the property no longer than during her widowhood. It is equally clear that the limitation over is in favor of the testator's children, who were the primary objects of his bounty, after giving her the preceding estate. He failed to limit it over to them after her marriage, but has limited it to them at her death. To hold that there was an intestacy would defeat this limitation over entirely. It is therefore necessary in order to carry out the plain intention of the testator, to construe the will as giving the property to the children upon the termination of the estate given to the wife, whether that be by marriage or her death." The principle which underlies this case is in harmony with the cases heretofore cited.

We accordingly decide that, by the true construction of the will of William M. Maddox, Mary F. Maddox and Catherine M. Yoe each took a life estate in the property known as "Val Verde," and, Catherine M. Yoe being now dead, her estate in that property is determined, and that, upon the death of Mary F. Maddox, Turner Ashby Maddox will take the property in fee simple. It follows that the decree appealed from must be reversed and the case remanded that a decree may be passed in conformity to this opinion.

*Decree reversed and cause remanded, with costs to the appellant.*