JANE A. IJAMS et al.

*vs.*

MORRIS SCHAPIRO.

*Construction of Will—Limitation on Marriage—Cross-Limitations.*

A devise to one "to have and enjoy the same until she marries," with a limitation over upon her marriage, creates an estate upon special limitation, and is valid, there being no condition in restraint of marriage.                                    p. 19

A devise to one "until she marries" gives only a life estate, subject to be defeated by her marriage.                                    p. 21

Where testatrix devised property to her niece until she married, with a limitation over to nephews upon the niece's marriage, *held* that the limitation over should be read as to take effect on either death or marriage, so that no intestacy would arise upon the death of the niece unmarried.                        pp. 20-22

Where a limitation over, upon the marriage of a niece, in favor of the niece and two nephews, provided that in case of the death of any one of them, his or her share should revert to the other two, and in case of the death of two of them, the remaining one should take, and in case of. the death of all three, the property should go to their descendants, share and share alike, *held* that upon the death of the niece a life estate passed to the brother or brothers surviving her, with a limitation over, upon the death of the last surviving brother, to the descendants of the niece and nephews, share and share alike.
                                                                                   p. 23

*Decided February 28th, 1921.*

Appeal from the Circuit Court for Howard County, In Equity (FORSYTHE, J.).

The cause was argued before BRISCOE, THOMAS, PATTISON. URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ

*Charles C. Wallace,* with whom were *Karr, Hammond &. Darnall* on the brief, for the appellants.

*James Clark,* for the appellee.

PATTISON, J., delivered the opinion of the court.

This is an appeal from an order of the court dismissing the bill filed by the appellants for the specific performance of a contract of sale, by which they agreed to sell unto the appellee a tract of land lying and being in Howard County in this State, and to convey unto him said land "by a good and merchantable title" upon the payment to them of the whole of the purchase money therefor.

The above-mentioned land, consisting of a farm, was, on and before the 7th day of May, 1920, owned by Jane A. Ijams, Margaret E. T. Yates and Margaret E. T. Hughes, in fee simple as tenants in common.

The said Margaret E. T. Hughes died on the said 7th day of May, 1920, at the age of seventy-three years, after having first executed her last will and testament on the 2d day of September, 1895.

In her will she disposed of her property as follows:

"Item 1. I give, devise, and bequeath to my mother, Margaret Ellen Poland, real, personal or mixed estate of whatsoever kind and wheresoever situate of which I may die seized or possessed, to have and enjoy the same during the term of her natural life, and after her death I give, devise, and bequeath as follows:

"Item 2. I give, devise, and bequeath to my beloved niece, Margaret Ellen Ijams, all my estate, real, personal or mixed, of whatsoever kind and wheresoever situate, to have and enjoy the same until she marries, in which event I will and devise as follows:

"Item 3. In the event of the marriage of my niece, Margaret Ellen Ijams, my estate is to be divided into three equal portions, one portion of which I give, devise, and bequeath to my niece, Margaret Ellen Ijams; to my nephew, Plummer Austin Ijams, I give, devise,

and bequeath one portion; to my nephew, Ernest Eugene Ijams, the remaining or third portion.

"Should either or both of my aforementioned nephews be dissipated in any way, I revoke the bequests made to them as above, and the same shall revert to my niece, Margaret Ellen Ijams, absolutely.

"Item 4. In the event of the death of any one of the three legatees mentioned in Item 3, the share or portion of the one so dying shall revert to the remaining two in equal portions; or should two of the legatees mentioned in Item 3 die, the shares or portions of the ones so dying shall become the property of the remaining one.

"In the event of the death of all three of the legatees mentioned in Item 3, the estate shall be divided equally among the descendants of the aforementioned legatees in Item 3, share and share alike."

Margaret Ellen Poland, the mother of the testatrix, and life tenant under the will, died many years before the testatrix. Margaret Ellen Ijams, the testatrix's niece, at the time of the filing of the bill, was living and unmarried, and at such time was forty-eight years of age. Her two brothers, Plummer Austin Ijams and Ernest Eugene Ijams, were also living at that time, the former forty-six and the latter forty-four years of age, and both were married. Ernest, at such time, was without children, but Plummer had four children living at the time. The heirs of the testatrix were her sister, Jane A. Ijams, mother of Margaret E., Plummer A., and Ernest E. Ijams, and her niece, Margaret E. T. Yates.

The contract of sale here sought to be specifically performed was executed by Jane A. Ijams, and her husband, Margaret E. T. Yates and husband, Plummer Austin Ijams and wife, Margaret E. Ijams, and Ernest E. Ijams and wife, the appellants, and Morris Schapiro, the appellee.

The lower court, in construing the will of Margaret E. T. Hughes, held that

"Margaret E. Ijams took (under the will) only an estate for life defeasible upon her marriage; and in the event of her marriage, the nephews (Plummer and Ernest Ijams, brothers of Margaret Ijams) took only an estate for life; and also, in the event of the failure of Margaret E. Ijams to marry, then the survivors or survivor of the three devisees mentioned in *Item three* of the will take (at her death) only life estates; and, upon the death of such survivor, their descendants take equally," and so decreed.

An important question to be determined in this case is: What estate did Margaret E. Ijams take under the second item of the will with the limitation over found in the third item of said will?

As this Court said in *Maddox* v. *Yoe,* 121 Md. 291, the answer to this question depends upon the proper meaning and legal effect of the words "to have and enjoy the same until she marries" found in said second item of the will, read in connection with the limitation over in the third item of the will.

In *Maddox* v. *Yoe, supra,* the devise was to the niece "so long as she may remain single and unmarried," with limitation over "in case of her marriage" to one Turner Ashby Maddox * * * and to his heirs, absolutely." The court in that case said, speaking through Judge Burke, "it is now well settled that a devise or bequest to a woman of an estate in the terms used in this will, with limitation over in case of marriage, is an estate upon special limitation, and the devise or bequest is valid, since there is in fact no condition in restraint of marriage. The effect of such a limitation is to circumscribe the duration of the estate devised: *Mitchell* v. *Mitchell,* 29 Md. 581; *Clark* v. *Tennison,* 33 Md. 85; *Trenton Trust Co.* v. *Armstrong,* 62 Atl. 456; *Burch's Estate,* 185 Pa. St. 194; *Nash* v. *Simpson,* 78 Me. 142; *Harlow* v. *Bailey,* 189 Mass. 208; *Courter* v. *Stagg,* 27 N. J. Eq., 305, and many other cases. It is conclusively settled by the American and English cases that such limitations in a devise

to a widow vests in the devisee a life estate only subject to
be defeated upon her marriage"; and "the cases make no
distinction as to the duration of the estate whether the devisee
be a widow or an unmarried woman * * * the estates de-
vised are at most life estates": *Dana* v. *Murray,* 122 N. Y.
604; *Harlow* v. *Bailey,* 189 Mass. 208; *Trenton Trust Co.* v.
*Armstrong, supra.* And this Court in that case held that
Catherine M. Yoe, to whom the property was devised "so
long as she may remain single and unmarried," took only a
life estate subject to be defeated upon her marriage.

This Court so early as the case of *Gough* v. *Manning,* 26
Md. 365, said: "The principle of the common law is thus
laid down by Coke and Cruise: 'If an estate be given to a
woman *dum sola fuerit* or *durante viduitate,* the grantees
have an estate for life determinable upon the happening of
these events. 1 *Inst.* 42 (a); *Cruise Dig., Tit. Estate for
Life, ch.* 1, *sec.* 8"; and this now seems to be the well settled
law of this State, and the Court below, we think, was right
in holding that Margaret Ellen Ijams took only a life estate
in the property devised to her subject to be defeated upon her
marriage.

It was contended, however, by the appellants that if Mar-
garet E. Ijams took only a life estate in the property devised
to her, then there was an intestacy as to part of the estate, as
there was no express limitation over upon her death, but
only upon her marriage.

In *Maddox* v. *Yoe,* where a like contention was made, this
Court said: "It is apparent from the language employed in
the will and the environments and circumstances surround-
ing the testator at the time of its execution that the objects
of his bounty were the three persons named in the will, viz:
Mary F. Maddox (the life tenant), Catherine M. Yoe (the
person to whom the property was devised after the expira-
tion of the life estate of Mary F. Maddox, so long as she
remained single and unmarried), and Turner Ashby Mad-
dox," who took a fee-simple estate in said property upon the

marriage of Catherine M. Yoe. As it is to be presumed that the testator intended to dispose of his whole estate and not to die intestate as to any part of it, we must conclude that he intended that the persons named should take his whole estate to the exclusion of all others. * * *

"It is to be observed that the limitation over in this will is upon the marriage of Catherine M. Yoe. The will is silent as to the disposition of the remainder in the event of her death. Is the court to hold that the testator died intestate as to the remainder, and that, contrary to his evident intention, it is now vested in his heirs at law, or must it hold that upon the death of Mary F. Maddox (Catherine M. Yoe being dead at the time of the trial of that case) it will vest in Turner Ashby Maddox, whom the testator intended to be the ultimate object of his bounty? There would seem to be no reasonable doubt that he intended him to have the property at the expiration of the preceding life estate.

"In *Clark* v. *Tennison,* 33 Md. 85, a question identical in principle with the one under consideration was decided. In that case the testator had devised all the residue of his estate to his wife so long as she remained his widow; and at her *death* to be equally divided among his children. The widow remarried. The Court, in construing this item of the will, said: 'By this will the gift to the wife is during *her widowhood;* the limitation over to the children is upon *her death.* What becomes of the property in the intermediate time between her marriage and her death? The will is silent as to that, and the appellants contend that there is an intestacy; while the appellees maintain that the will must be read as if the limitation over was to take effect upon the marriage or death of the widow, in order to carry out the intent of the testator, and that the necessary words to effectuate that intention may be supplied. In support of this proposition the appellees have referred to several cases in which the courts have, in the construction of wills, transposed or changed words, or even supplied words omitted in the will, in order

to effect the intention of the testator, where that intention is manifest on the face of the will. * * * The plain intent of the testator was that the widow should have the property no longer than during her widowhood. It is equally clear that the limitation over is in favor of the testator's children, who were the primary objects of his bounty, after giving her the preceding estate. He failed to limit it over to them after her marriage, but has limited it to them at her death. To hold that there was an intestacy would defeat this limitation over entirely. It is, therefore, necessary, in order to carry out the plain intention of the testator, to construe the will as giving the property to the children upon the termination of the estate given to the wife, whether that be by marriage or her death.' The principle which underlies this case is in harmony with the cases heretofore cited. * * * That by the true construction of the will * * * Mary F. Maddox and Catherine M. Yoe each took a life estate in the property * * * and Catherine being now dead, her estate in that property is determined, and that upon the death of Mary F. Maddox, Turner Ashby Maddox will take the property in fee simple."

It is, however, clearly shown from the will that the testatrix' nephews, and not her heirs, were to be the objects of her bounty, in sharing her estate with her niece, their sister, in the event of the niece's marriage; this being true is the Court to hold that, upon the niece dying unmarried, the testatrix died intestate as to the remainder, and that, as a result of such intestacy, the remainder vested in her heirs to the exclusion of her nephews whom she had named as the objects of her bounty in the event of the marriage of her niece? To so hold would be contrary to the express desire and intention of the testatrix that her nephews should at least share in her estate to the exclusion of her heirs, who are nowhere mentioned in her will as being among those that she wished to share in her estate.

Upon the marriage of Margaret, the property devised was to pass to her and her brothers equally, and upon the death of any one of them the share or portion of the one so dying was to go to the other two, and upon the death of the second one, his or her share or portion was to go to the only surviving one, and upon the death of the last survivor, the property so devised was to go to the descendants of said three devisees share and share alike.

Those named as the objects of the testatrix' bounty, in the event of the marriage of Margaret, were her said niece and nephews, and it can be reasonably gathered from such facts considered in connection with the environments and circumstances surrounding the testatrix at the time of the execution of her will, that she intended, upon the death of her niece, Margaret, that a life estate in said property should pass to her brothers or brother surviving her, with a limitation over upon the death of the last surviving brother, to the descendants of the said niece and nephews of the testatrix, share and share alike.

As the fee-simple title in the one-third undivided interest in said land held by the testatrix at the time of her death is not in Margaret E., Plummer A., and Ernest E. Ijams, or in any one of them, or in any of the parties to said contract of sale, a merchantable title to said land cannot be conveyed to the appellee, Schapiro, by the parties to said contract. Consequently the bill asking for its specific performance was properly dismissed. The decree of the Court below will, therefore, be affirmed.

*Decree affirmed with costs to the appellee.*